**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEVONNA WHITE,** | ) | **CASE NO. 1:13 CV 1016** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **JAVITCH, BLOCK & RATHBONE,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant Javitch, Block & Rathbone's ("JB&R")

Motion to Dismiss (ECF No. 3).  For the reasons set forth below, the Motion to Dismiss is

**granted** and this action is dismissed.

White also filed an Application to Proceed *In Forma Pauperis*.  That Application is

granted.

# I.  BACKGROUND

White alleges that on March 16, 2012, JB&R filed a collection action in the Shaker

Heights Municipal Court on behalf of their client, GE Capital Retail Bank ("GE Capital").  In

that action, she filed a motion demanding arbitration as provided in the card member agreement.

The municipal court ordered the parties to submit to arbitration and stayed the proceedings

pending the outcome of the arbitration.  White paid an initiation fee of $ 250.00 in the JAMS

arbitration forum.  JB&R sent a letter to JAMS on February 11, 2013 claiming the card member

agreement prohibited use of JAMS arbitration.  White filed a motion to compel GE Capital to

attend arbitration.  The court issued on order on March 13, 2013 which stated in pertinent part:

> Plaintiff asserts that the G.E. Money Bank Credit Card Agreement
> that defendant provides and upon which her choice of JAMS as
> the arbitration administrator is based is not the proper agreement
> because it is an agreement provided and written by plaintiff in
> 2010 and defendant received her credit card with an agreement in
> 2007.  Plaintiff's position is not well taken.
>
> Paragraph 28 of defendant's agreement states: '28.  ENTIRE
> AGREEMENT.  This agreement, along with the other documents
> listed in section 1 above, are the entire Agreement between you
> and us relating to your account that you and we made earlier or at
> the same time.  This Agreement may not be changed except as
> provided in this Agreement.'
>
> The court finds that the 2010 credit card agreement replaces the
> 2007 agreement and thus JAMS is the proper arbitration
> administrator for this case.
>
> Defendant's Motion to Compel Arbitration is granted and plaintiff
> is ordered to proceed with the arbitration immediately.  If plaintiff
> fails to proceed as required, by April 1, 2013, this case will be
> dismissed.

(ECF No. 1-3 at 1).  GE Capital did not comply with the court's order.  Instead, JB&R filed a

motion asking for addition time.  On April 2, 2013, the court denied the motion for extension of

time noting GE Capital had had 10 months to comply with the arbitration order and failed to do

so.  The municipal court dismissed the case with prejudice.

White filed this federal court action on May 6, 2013 claiming JB&R violated the Fair

Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f.  She asserts that JB&R used false representations and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. §1692e, and used unfair or unconscionable means to collect or attempt to collect a debt in violation of 16 U.S.C. § 1692f.  She seeks $1,000.00 for each violation.

JB&R filed a Motion to Dismiss on May 24, 2013 (ECF No. 3).  They assert that the Complaint should be dismissed for failure to state a claim because White did not allege that JB&R made any representations or engaged in actions that were false, deceptive, or misleading.  They contend this is an essential element of a claim for relief under § 1692e.  Furthermore, JB&R asserts White did not allege facts to suggest that their conduct was unfair or unconscionable to state a claim under §1692f.  Finally, JB&R asserts that they cannot be held liable under the FDCPA because their actions were not done in conjunction with an attempt to collect a debt.  They contend that they did not comply with the municipal court's order to submit to arbitration and did not continue to pursue the debt collection through the court and therefore they were actually avoiding the collection of a debt.

## II.  LAW AND ANALYSIS

### Standard of Review

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claim.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993).  *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)(clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009)(same).  When determining whether the Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in

-3-

the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff is not required to prove, beyond a doubt, that the factual allegations in the complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555. A plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

For this analysis, a court may look beyond the allegations contained in the complaint to exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment. Fed.R.Civ.P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

**Fair Debt Collection Practices Act is Applicable to this Case**

The Court will address JB&R's last argument first. JB&R contends that the FDCPA does not apply because they were not engaged in the collection of a debt. They claim that

-4-

although they filed the lawsuit on behalf of GE Capital to collect a credit card debt, they did not comply with the municipal court's orders to submit to arbitration and did not actively pursue the case and therefore, they were in effect avoiding the collection of a debt. This assertion is wholly without merit.

JB&R filed an action they purported to be a debt collection proceeding. Unless JB&R is suggesting that they filed that action with another motive, such as harassment or intimidation of White, they were clearly engaged in the process of collecting a debt. The fact that they did not comply with the court's orders and did not vigorously pursue the case once it was brought, does not alter the nature of the action from that of a debt collection proceeding.

**
False, Misleading or Deceptive Representations or Conduct**

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The statute is very broad, and was intended to remedy "what it considered to be a widespread problem." *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992). "When interpreting the FDCPA, we begin with the language of the statute itself ...." *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999).

In her Complaint, White asserts JB&R violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the least sophisticated consumer. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir.1992)(holding that the contents of a collection letter were not misleading, even under the

-5-

"least sophisticated consumer" standard).

Filing a collection lawsuit, by itself, does not violate the FDCPA.  To state a *prima facie* claim under this section of the statute, White must allege facts to describe the manner in which JB&R engaged in false representation or deceptive means to attempt to collect the debt during the litigation process.  While White alleges GE Capital did not comply with the court's order compelling their participation in arbitration, she does not allege facts to suggest how JB&R engaged in false, misleading or deceptive conduct and does not specify any representations made to her which were false or misleading.  The Complaint as written provides only the legal conclusion that JB&R violated 15 U.S.C. §1962e.  Although the Court accords a liberal construction to *pro se* pleadings, it cannot infer facts which are not apparent from the pleading.  Absent allegations regarding how JB&R's behavior was false or misleading, White fails to state a claim for relief under 15 U.S.C. § 1692e.

## Unfair or Unconscionable Means to Collect a Debt

Section 1692f of the FDCPA prohibits the employment of "unfair or unconscionable" means to collect a debt.  Examples of "unfair or unconscionable" conduct provided in the statute include collecting an amount not expressly authorized by the original debt instrument, accepting a post dated check as payment, making collect calls to the debtor, or communicating with a debtor using a postcard.  15 U.S.C. § 1692f; *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1022-25 (S.D. Ohio 2007).  This section is intended to cover actionable debt collection practices that may not be expressly addressed in §1692d and §1692e.  *See, e.g.*, *Williams*, 480 F. Supp. 2d at 1022-25; *Kistner v. Law Offices of Michael P. Margelefsky*, 2007 WL 120150 (N.D. Ohio, January 10, 2007); *Edwards v. McCormick*, 136 F.Supp.2d 795, 806

-6-

(S.D. Ohio 2001).

White's claims against JB&R under this section also fail to state a claim upon which relief may be granted.  Although she claims GE Capital did not comply with the court's order to submit to arbitration and the action in state court was dismissed with prejudice as a result, she does not allege any conduct by JB&R which she believes was unconscionable or unfair.  Again, the claim is stated solely as a legal conclusion.  This Court cannot infer facts which are not warranted on the face of the Complaint.  Plaintiff fails to state a claim under 15 U.S.C. § 1692f.

## III. CONCLUSION

Accordingly, JB&R's Motion to Dismiss (ECF No. 3) is granted and this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  June 7, 2013

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.